No. 15-1857
_____

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

MARLON HALL; JOHN WOOD; ALIX PIERRE; KASHI WALKER
Plaintiffs – Appellants
v.
DIRECTV, LLC; DIRECTSAT USA, LLC,
Defendants – Appellees
_____

JAY LEWIS; KELTON SHAW; MANUEL GARCIA
Plaintiffs – Appellants
v.
DIRECTV, LLC; DIRECTSAT USA, LLC,
Defendants – Appellees
_____

On appeal from the United States District Court
For the District of Maryland
The Honorable J. Frederick Motz
No. 1:14-CV-02355-JFM, No. 1:14-CV-03261-JFM
_____

**MOTION FOR LEAVE TO INCLUDE FOUR COURT DOCUMENTS FROM PREDECESSOR CASES IN APPELLANTS' APPENDIX**
_____

**STUEVE SIEGEL HANSON**
George A. Hanson
460 Nichols Road, Ste. 200
Kansas City, MO 64112
Telephone:  816-714-7100
Facsimile:   816-714-7101
Email:  hanson@stuevesiegel.com

**STUEVE SIEGEL HANSON**
Ryan D. O'Dell
550 West C Street, Suite 1750
San Diego, CA 92101
Telephone: (619) 400-5822
Facsimile:
Email:  odell@stuevesiegel.com

Attorneys for Plaintiffs-Appellants

For the reasons that follow, Appellants move this Court to permit them to include four documents in Appellants' Appendix that are not part of the district court record in the consolidated cases on appeal.

1. As described in Appellants' opening brief (Doc. 21-1 at ECF page 11, n.2), these four documents are publicly-filed documents from the court record of predecessor cases.

2. These documents are cited as relevant to the factual and procedural background of the cases currently on appeal.

3. Specifically, Plaintiffs seek to include:

    a. *Lang v. DIRECTV, Inc.*, No. 10-1085 (E.D. La.) (Doc. 306) (Aug. 9, 2012), is the Notice of Filing Consents to Join and the true and correct copies of the Consents to Join filed by Plaintiff-Appellants Lewis and Wood on August 9, 2012, in *Lang v. DIRECTV, Inc.*, a predecessor to the cases appealed here, in which Plaintiff-Appellants Lewis and Wood first asserted their current claims against Defendant-Appellee DIRECTV.

    b. *Lang* (Doc. 467) Order (Sept. 3, 2013), is the Order entered by Judge Brown in *Lang* that, pursuant to the parties' joint motion, decertifies the collective action, dismisses opt-in plaintiffs' claims without prejudice, and tolls the statute of limitations for the claims

1

of each opt-in (including the claims of Plaintiff-Appellants Marlon Hall, Jay Lewis, Alix Pierre, Kelton Shaw, Kashi Walker, and John Wood) for sixty days.

c. *Lang* (Doc. 514) Order Approving Settlement (Feb. 5, 2014), is Judge Brown's Order approving the settlement between defendants and the four individual technicians originally named in *Lang*, who remained after decertification and dismissal of opt-in plaintiffs.

d. *Acfalle v. DirecTV*, No. 13-8108 ABC (C.D. Cal.) (Doc. 71) Order Granting in Part, Denying in Part Motion to Sever, Dropping Plaintiffs without Prejudice (July 22, 2014), is Judge Audrey Collins' Order "drops" plaintiffs, including Plaintiff-Appellants Jay Lewis and Kelton Shaw, (both of whom had refiled their claims against DIRECTV—and first filed claims against DirectSat (Lewis)—in *Acfalle*), without prejudice to refiling their claims closer to their homes or where they performed DIRECTV work, and tolls the statute of limitations applicable to their claims.

4. The content of these documents is not disputed, and indeed is not subject to dispute.

5. These documents are offered simply to establish the fact and existence of such litigation and filings. These are facts of which the Court can take

judicial notice. Fed. R. Evid. 201(b)(2), (d) & Comm. Note Subdiv. (f) (at any stage of a proceeding, court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

These documents are relevant publicly filed court documents in two predecessor cases in which the Plaintiff-Appellants initially asserted the claims here against Defendant-Appellees. Plaintiffs believe they are relevant to establishing the procedural background here, and merit inclusion in the Appellants' Appendix. Appellants therefore respectfully request the Court grant leave to include these four documents that are not part of the district court record in the consolidated cases on appeal.

Dated:  December 14, 2015          Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/  George A. Hanson
George A. Hanson
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone:  816.714.7100
Facsimile:  816.714.7101
E-mail:  hanson@stuevesiegel.com

Ryan D. O'Dell
STUEVE SIEGEL HANSON LLP

3

550 West C Street, Suite 1750  
San Diego, California 92101  
Phone:  619.400.5822  
Facsimile:  619.400.5832  
E-mail:  odell@stuevesiegel.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

<u>/s/  George A. Hanson</u>                                   <u>December 11, 2015</u>
Attorney for Plaintiffs-Appellants                            Date